# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
TERRY L. WIKE, BAR NO. 7211

No. 79305

**FILED**

FEB 27 2020



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Terry L. Wike receive a public reprimand and two years probation subject to certain conditions based on violations of RPC 1.15 (safekeeping property).

We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 102, 294 P.3d 427, 428 (2013). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Wike committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's findings of fact that Wike violated RPC 1.15 (safekeeping property) as those findings are supported by substantial evidence and are not clearly erroneous. Wike repeatedly paid personal and business expenses out of his trust account and deposited personal funds into the account to cover his misuse of trust account funds. He also would pay

one client and the client's lienholders with funds he received on behalf of another client. Additionally, Wike had a duty under RPC 1.15(e) to retain any disputed funds until the dispute was resolved, yet he paid himself attorney fees out of disputed funds. Thus, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Wike violated RPC 1.15.

In determining the appropriate discipline, this court weighs four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). This court determines the appropriate discipline de novo. SCR 105(3)(b).

Wike violated a duty owed to his clients (safekeeping property). It is unclear from the panel's recommendation whether it concluded that Wike's mental state was knowing or negligent. Nonetheless, there is substantial evidence in the record demonstrating Wike knowingly violated RPC 1.15 as he used trust account funds to pay business and personal expenses and then transferred personal funds into his trust account to repay the client funds he had misused. Additionally, substantial evidence supports that Wike's conduct harmed or potentially harmed his personal injury clients. In particular, even though Wike ultimately paid the clients and their lienholders, he failed to hold their funds in trust resulting in harm due to the delay in receiving their funds or the payment of their liens, and potential further harm if Wike had been unable to deposit funds to cover what he owed to his clients. The baseline sanction for Wike's conduct, before consideration of aggravating and mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional*

*Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) (providing that suspension is appropriate "when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client").

The record supports the panel's finding of one aggravating circumstance (substantial experience in the practice of law) and one mitigating circumstance (cooperation with the disciplinary authority). While the State Bar argues that the mitigating circumstance of cooperation is not supported by substantial evidence, the record demonstrates that Wike provided the requested information to the State Bar, including invoices for construction defect costs. We agree with the State Bar that the mitigating circumstance of character and reputation is not supported by substantial evidence as there is no evidence in the record regarding Wike's character and reputation other than his own statements concerning his experience.

Considering all of the factors, we disagree with the panel that a public reprimand and probation would serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (recognizing that the purpose of attorney discipline is to protect the public, courts, and the legal profession). Considering the number of times Wike misused client funds, Wike's substantial experience in the practice of law, Wike's poor accounting practices and records, and Wike's insistence that his misconduct is not serious, we conclude an actual suspension is necessary.

Accordingly, we hereby suspend attorney Terry L. Wike from the practice of law in Nevada for two years, with all but the first three months stayed, commencing from the date of this order. During the stayed suspension, Wike must be mentored by an attorney who practices in

personal injury law and is knowledgeable in its accounting practices. Additionally, during the stayed suspension, Wike must submit quarterly reports to his mentor and the State Bar and will be subject to periodic audits by the State Bar. Wike shall pay the costs of the bar proceeding, including $2,500 mandated by SCR 120(3), within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Chair, Southern Nevada Disciplinary Board
State Bar of Nevada/Reno
Law Offices of Terry L. Wike
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court